MARATHON PIPE LINE COMPANY *v.* NIENHUIS

1. TRESPASS — EASEMENT — UNDERGROUND PIPELINE — CONTRACTOR'S LIABILITY.

   A contractor who in performing work for a landowner breaks an underground pipeline crossing the land by right of an easement is guilty of trespass.

2. INDEMNITY—CONTRACTOR'S RIGHT—UNINTENTIONAL TRESPASSER.

   A contractor who in performing work for a landowner unintentionally becomes a trespasser by breaking an underground pipeline of which he knew nothing may call upon the landowner for indemnification.

Appeal from Ottawa, Raymond L. Smith, J. Submitted Division 3 November 10, 1970, at Grand Rapids. (Docket No. 8015.) Decided March 22, 1971. Leave to appeal denied May 20, 1971, 384 Mich 843.

REFERENCES FOR POINTS IN HEADNOTES
[1] 52 Am Jur, Trespass §§ 9–14.
[2] 52 Am Jur, Trespass § 34.

Complaint by Marathon Pipe Line Company against Elmer and Henrietta Nienhuis and Boeve Construction Company to recover damages for a pipeline rupture caused by negligence and trespass. Holland American Legion Memorial Park intervened as a party plaintiff against Marathon Pipe Line Company, Elmer and Henrietta Nienhuis, and Boeve Construction Company to recover for damages to land. Judgment for intervening plaintiff against Marathon Pipe Line Company. Judgment for plaintiff Marathon against defendants Nienhuis and Boeve Construction Company. Defendants appeal. Affirmed.

*Lokker, Boter, Dalman & Murphy* and *Joseph F. Diver*, for plaintiff.

*John B. Nahan*, for defendants Nienhuis.

*Scholten & Fant* (by *R. Neal Stanton*), for defendant Boeve Construction Company.

Before: T. M. BURNS, P. J., and R. B. BURNS and MUNRO,* JJ.

T. M. BURNS, P. J. Defendants Nienhuis own property subject to an easement which is now owned by plaintiff Marathon Pipe Line Co. The easement created the right to construct, maintain, operate, and protect a pipeline for the transportation of oil, gas, and the products thereof, over and through the Nienhuis land.

On December 28, 1964, Boeve Construction Company, also a defendant below, in the process of excavating a portion of the Nienhuis land, struck and ruptured the pipeline which had been constructed

---

* Circuit judge, sitting on the Court of Appeals by assignment.

pursuant to the easement. As a result of the rupture, a quantity of oil leaked out of the pipeline and onto the Nienhuis land as well as onto a neighboring golf course owned by the Holland American Legion, an intervening plaintiff.[1]

By reason of the puncture and the ensuing leak, plaintiff made repairs to the pipeline and also performed certain work in removing the oil and cleaning up the lands of both the Nienhuises and the American Legion.

Plaintiff then brought suit, claiming both negligence and trespass, to recover damages sustained in making the necessary repairs to the pipeline, for the work performed in cleaning up the oil from the land onto which it had flowed, and for the value of the crude oil which leaked from the pipeline and had been lost. The trial court found the defendant construction company guilty of trespass, and the defendants Nienhuis guilty of negligence and trespass and entered a judgment in plaintiff's favor for $11,043.62 with interest and costs. The trial court also enjoined any further excavations on the Nienhuis land without prior notification being given to plaintiff. The trial court further held that defendant Boeve Construction Company was entitled to indemnification from defendants Nienhuis for any sums collected from them on the judgment. Both defendants Nienhuis and Boeve Construction Company appeal.

Defendants first contend that the trial court did not have a basis in fact upon which to determine that defendants were guilty of negligence and trespass.

Some time prior to the actions which gave rise to the present controversy, plaintiff placed five num-

---

[1] A judgment was recovered by the American Legion against Marathon Pipe Line Co., but that judgment has not been appealed.

bered posts across the Nienhuis land. At the trial Mr. Nienhuis testified that an employee of plaintiff, a Mr. Thompson, told him that the pipeline lay in a straight line between the posts. Therefore, contend defendants, since it was found by the trial court that the excavation which resulted in the rupture took place some distance from the line running between the nearest two posts, the defendants are excused from any claims of negligence or trespass.

Thompson, as a witness for the plaintiff, denied ever having told Nienhuis that the pipeline lay in a straight line between the numbered posts. Thompson also testified that Mr. Nienhuis told him that any excavation would be done on the north side of an east-west fence which divides the Nienhuis property. Thompson further testified that while he was on the Nienhuis property at a time when some prior excavation was being performed, Nienhuis told him that there would be no further excavations on the property.

Another employee of plaintiff, Mr. Doles, testified that when he discussed with Mr. Nienhuis about some excavations that Nienhuis was planning, Nienhuis informed him that he was only going to excavate on the north side of an east-west fence which divides the Nienhuis property. The pipeline is on the south side of the east-west fence, and, therefore the excavation which resulted in the rupture was also on the south side of the fence. Nienhuis denied that he ever told Thompson or Doles that he did not intend to do any excavating south of the east-west fence.

Thompson went on to testify that when he saw Nienhuis on the Nienhuis farm on September 17, 1964, he told Nienhuis that any time there was any digging or excavating on the farm that Nienhuis should get in touch with the plaintiff who would then

send a man out to spot the pipeline and mark its location and depth. Thompson also stated that he told Nienhuis the same thing on November 3, 1964. Nienhuis testified that he did not recall Thompson making any such statements.

Nienhuis testified that he repeatedly informed the plaintiff that he intended to excavate a 50-foot wide channel adjoining his west boundary line. However, it is undisputed that the above area is nowhere near the pipeline.

Based upon the above conflicting testimony the trial judge in his opinion stated:

"It is the claim of defendant Nienhuis that he was justified in digging in the area of the rupture because Thompson had told him where the pipe lay. The court does not agree. The court has gone over the transcribed testimony of Doles, Thompson, and Nienhuis twice in an effort to determine the facts. The court believes plaintiff indicated a concern over the pipeline and a readiness to cooperate with Nienhuis to protect it, that plaintiff wanted notice of any activity that might endanger the line, that when plaintiff had such notice it always acted promptly, and that Nienhuis had indicated there would be no activity south of the E-W fence line that would endanger the line. There is nothing in the record to indicate that plaintiff had any knowledge of the method that Nienhuis planned in excavating his pond or that if it did know that the borrow was to be recast that this operation included excavating. Consequently plaintiff was deprived of the opportunity to protect its pipeline.

"There is nothing in the record to indicate that the location of the two stakes in question was misleading. These stakes were about 1150 feet apart. There was no evidence that property owners, by custom or experience, had any right to infer that the line ran in a direct line between the stakes.

"The court is of the opinion that the rupture of the pipeline was both a trespass and a negligent act for which plaintiff is entitled to compensation."

The question for this Court to decide, therefore, is whether the trial court was justified in making the above findings of fact.

GCR 1963, 517.1, provides:

"In all actions tried upon the facts without a jury or with an advisory jury, the court shall find the facts specially and state separately its conclusions of law thereon and direct the entry of the appropriate judgment. It will be sufficient if the court makes brief, definite, and pertinent findings and conclusions upon the contested matters without over elaboration of detail or particularization of facts. * * * Requests for findings are not necessary for purposes of review. No exception need be taken to any finding or decision. Findings of fact shall not be set aside unless clearly erroneous. * * * [R]egard shall be given to the special opportunity of the trial court to judge the credibility of those witnesses who appeared before it." [As amended February 13, 1969, effective immediately.]

Based upon the testimony set forth in this opinion, as well as our review of the entire record we certainly cannot say that the trial court's findings are clearly erroneous. We also note that many decisions of this Court which state that we will not reverse the findings of the trial court sitting without a jury unless it is clear that the evidence preponderates in the opposite direction.[2] We, therefore, find no merit in defendants' contention that the trial court's findings of fact are clearly opposed to the evidence.

Defendants Nienhuis do not contend that the trial judge erroneously applied the law to the findings of

---

[2] *Weeks* v. *Conservation Department* (1968), 9 Mich App 429; *Jinkner* v. *Town & Country Lanes, Inc.* (1968), 10 Mich App 596.

fact recited in his opinion. They simply contend that the trial court could not have found for the plaintiff if the trial judge had believed that plaintiff's employees had informed Mr. Nienhuis that the pipeline ran directly between the numbered markers which would either result in a finding that no negligent act or trespass occurred or that plaintiff was estopped from asserting any negligence or trespass on defendant's part. Defendants Nienhuis, at p 29 of their brief, state:

"It is submitted that although the landowner has the duty to refrain from interfering with the pipeline company's easement, so has the pipeline company the duty, *if it marks its line, to mark its pipeline correctly*. On that principle, our case stands or falls." (Emphasis supplied by the defendants.)

Since we have already decided that we are not going to disturb the trial court's findings of fact on this cause, the trial court must be affirmed as to the defendants Nienhuis.

Defendant Boeve Construction Company contends that it was guilty of neither negligence nor trespass. We note here that the trial court did not find this defendant guilty of negligence[3] so we will discuss only the court's finding that defendant had committed a trespass.

The Michigan Supreme Court has found a contractor guilty of trespass under a similar fact situation: In *Edison Illuminating Co.* v. *Misch* (1918), 200 Mich 114, a heating company laid underground cables and pipes in a public alley. A contractor, who was excavating for an abutting land owner, excavated in such a manner that a cave-in occurred

---

[3] The trial court, in its opinion, stated:

"Defendants Boeve, although acting under the direction of defendants Nienhuis, are guilty of trespass in rupturing the plaintiff's pipeline."

which resulted in injury to the cables and pipes. In finding the contractor guilty of trespass, the Supreme Court stated (pp 122, 123):

"We are clearly of the opinion that the defendant had no right to interfere with any structures rightfully in the alley. That the mains and conduits in question had been lawfully and properly placed in the alley by authority of the city is, we think, too clear for controversy. The defendant made excavation into the alley at his peril. If he did not have from the surrounding objects and monuments sufficient to put him upon notice of the presence of the mains and conduits in the alley, there was at least sufficient evidence to warrant the submission of the question to the jury, which was done by the trial court. The plaintiff and its assignor were, by their mains and conduits, rightfully first in the alley, and their rights were entitled to protection by defendant in such occupancy. *New York Steam Co.* v. *Foundation Co.* [1909], 195 NY 43 (21 LRA NS 470)."

We therefore hold that the trial court was correct in finding the defendant construction company liable.[4]

The defendant Boeve Construction Company also, in the alternative, requested this Court to affirm that part of the trial court's judgment which allows the company indemnification from the defendants Nienhuis. Although this issue is not disputed by the Nienhuises, we will discuss the applicable law which is set forth in 52 Am Jur, Trespass, § 34, p 864, where it is stated:

---

[4] We would also note that defendant construction company cited no authority in its brief to support the proposition that it had not committed a trespass. Nor did defendant attempt to distinguish any factual differences which might exist between the cases cited by the plaintiff and the case at bar. It is not the function of this Court to supply all of the research once an issue has been raised. Therefore, although our finding of a trespass is supported by our review of the record, we do not find it necessary to deal with this question in detail.

"In accord with the general principles of contribution, as between master and servant, if the servant has caused an injury for which the master is compelled to respond in damages in an action of trespass, but as to which no wrong is attributable to the master except from the relation of master and servant, the master may call upon the servant for indemnity.   On the other hand, if the master directs the servant to perform an act which the servant has reason to believe is legal but in the performance of which he unintentionally becomes a wrongdoer, he may call upon the master for indemnity."

Since the construction company was acting under the direction of Mr. Nienhuis and since they did unintentionally become a wrongdoer, they are entitled to indemnification from the Nienhuises.

Affirmed.

All concurred.